UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


PATRICK ANTHONY RIBBING,

     Plaintiff,

v.                               Case No. 3:21cv181-MCR-HTC

STATE OF FLORIDA, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Patrick Ribbing, a prolific filer, initiated this action by filing a *pro se* complaint purporting to assert claims under 42 U.S.C. § 1983 (ECF Doc. 1) and a deficient motion to proceed *in forma pauperis* (ECF Doc. 2). The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E). For the reasons that follow, the undersigned respectfully recommends this case be dismissed without prejudice for failure to prosecute, failure to comply with orders of the Court, and failure to keep the Court advised of his current mailing address.

On January 28, 2021, Plaintiff initiated this action by filing a complaint and a motion to proceed *in forma pauperis*. As Plaintiff has done in numerous other actions filed in this Court, Plaintiff failed to provide answers to the financial

questions contained on the Court's *in forma pauperis* form.   Rather, Plaintiff's

motion was riddled with phrases such as "N/A," "you don't have clearance," you

don't have confirmation access codes," "you don't speak sign language," and "you

wish." ECF Doc. 2 at 4-5.

Accordingly, on February 2, 2021, the Court denied Plaintiff's motion and

ordered Plaintiff to, within fourteen (14) days, file a complete second motion to

proceed *in forma pauperis* or pay the $402.00 filing fee.  ECF Doc. 4 at 2.  The

Court's deadline passed, and Plaintiff did not file a second motion to proceed *in*

*forma pauperis* or pay the requisite filing fee.  *Id.*

Although the Court's order was returned undeliverable (ECF Doc. 6), out of

an abundance of caution, rather than immediately recommend the case be dismissed

for failure to prosecute, the Court gave Plaintiff fourteen (14) additional days to

comply with the Court's prior order.  ECF Doc. 7.  Plaintiff was advised that failure

to respond to the Court's order may result in a recommendation that his case be

dismissed without further notice.  *Id.*  That additional time passed without a response

from Plaintiff.  Additionally, that order was also returned undeliverable.  ECF Doc.

8.

Moreover, as stated above Plaintiff is a prolific filer and has been told on

numerous prior occasions of the Court's requirement that he must completely fill out

the form and provide answers on the form sufficient for the Court to determine

whether he should be granted indigency status.  *See* case numbers, 3:19cv3335, 319cv3336, 319cv3337, 319cv3368, 319cv437, 319cv547, 320cv5696, and 320cv5698.  Based on these prior cases, it appears that Plaintiff has a pattern and practice of filing complaints, accompanied by incomplete motions to proceed *in forma pauperis*, and then failing to prosecute the matter.

Accordingly, it is RESPECTFULLY RECOMMENDED that:

1.     Plaintiff's case be DISMISSED WITHOUT PREJUDICE for failure to prosecute, failure to comply with orders of the Court, and failure to keep the Court advised of his current mailing address.

2.     The clerk be directed to close the file.

Done in Pensacola, Florida, this 23rd day of March, 2021.


/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**


Case No. 3:21cv181-MCR-HTC

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:21cv181-MCR-HTC